**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **JOHN GREEN,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-CV-137 (HL) |
| **BANK OF AMERICA HOME LOANS, INC., NATIONSTAR MORTGAGE, LLC**, | |
| Defendants. | |

## ORDER

Before the Court is Defendants Bank of America Home Loans, Inc. and Nationstar Mortgage, LLC's ("Defendants") Motion to Dismiss Plaintiff's Complaint (Doc. 8) pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). For the reasons stated below, this motion is granted in part and denied in part.

## I.    Motion to Dismiss Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

## II.   Factual Background

Construing the complaint's factual allegations in favor of Plaintiff John Green ("Plaintiff"), this case arises from Defendants' demand for Plaintiff to make increased monthly payments on his residential mortgage and his inability to do

so. Plaintiff owns a house in Valdosta, Georgia which he acquired by granting a mortgage to Aegis Funding Corporation ("Aegis") and signing a note ("the note") recognizing the debt. Plaintiff made regular mortgage payments while the note was held by Aegis. In the fall of 2009, Defendant Bank of America ("BOA") acquired the note and mortgage from Aegis and proceeded to increase Plaintiff's monthly mortgage payments by more than $200.00 to $928.00 while refusing to follow the terms of the note. Plaintiff had not applied for a modification of the loan, nor had he ever attempted to refinance his house. (Complaint, Doc. 1-1, ¶¶4-7).

Plaintiff informed BOA that he was willing to continue paying according to the original terms of the note but that he could not afford the increased mortgage payments. BOA refused to accept any payment from Plaintiff unless it was $928.00 per month. He contacted the bank multiple times in an attempt to resolve the issue, but to no avail. Although BOA never produced any document showing Plaintiff was subject to a change in the terms of the note, it notified him that he was in default on his payments. According to the complaint, BOA's failure to honor the note has caused Plaintiff to suffer harassment, emotional distress, embarrassment, and lost business opportunities. (Id. at ¶¶7-9).

In July 2013 BOA transferred the mortgage to Defendant Nationstar Mortgage LLC ("Nationstar"). Plaintiff contacted Nationstar to express his

willingness to make the original monthly mortgage payments, but it declined to discuss the terms of the note with him and refused to accept his proffered payments. On or about July 22, 2013, Nationstar sent Plaintiff a letter informing him he had defaulted on his loan with a total delinquency of $34,438.13. The letter stated that if Plaintiff did not pay the full amount of the delinquency by August 26, 2013 then Nationstar would initiate foreclosure proceedings. After receiving the letter, he attempted to reach Nationstar by telephone, but it never responded. (Id. at ¶¶10-14).

Plaintiff brought suit against Defendants in the superior court of Lowndes County, Georgia, and Defendants removed the action to this Court. (Defendants' Notice of Removal, Doc. 1). Plaintiff alleges they are guilty of breach of contract, wrongful foreclosure, and intentional infliction of emotional distress, for which he seeks damages, equitable relief from any foreclosure, court costs, and attorney fees. (Complaint, ¶¶15-30).

## III.  Legal Analysis

Defendants' motion to dismiss the complaint is granted in part and denied in part. Plaintiff's claims for wrongful foreclosure and intentional infliction of emotional distress are dismissed, but he may move forward with his claims for breach of contract and attorney fees.

4

## A.    Wrongful Foreclosure Claim

The claim for wrongful foreclosure is dismissed with prejudice since Defendants have not actually foreclosed on Plaintiff's house. Presumably Plaintiff seeks to establish his wrongful foreclosure claim under Georgia law. "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and damages." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448, 662 S.E.2d 141 (2008) (internal citation and quotation omitted) (referring to the "tort of wrongful foreclosure"). Since Defendants have not foreclosed on Plaintiff's house, the Court is at a loss to understand how they owed Plaintiff duties arising from tort law, much less how they breached any such duties.[1] Plaintiff's rejoinder that Defendants only ceased foreclosure proceedings after this lawsuit was filed does not change the reality that no foreclosure has occurred. See Caselli v. PHH Mortg. Corp., Civ. No. 1:11-cv-418, 2012 WL 124027, at *6 (N.D.Ga. Jan. 13, 2012); Roper v. Parcel of Land, Civ. No. 1:09-cv-0312, 2010 WL 1691836, at *2 (N.D.Ga. April 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").

---

[1] Whether Defendants breached any contractual duties they owed under the note is, of course, a separate question.

**B.      Intentional Infliction of Emotional Distress Claim**

Plaintiff's claim for intentional infliction of emotional distress ("IIED") is also dismissed as a matter of law. The complaint's sole factual allegation concerning the IIED claim states that "BOA has subjected Plaintiff to embarrassment, emotional distress, lost business opportunities and harassment as a result of [its] failure to honor the … note…." (Complaint, ¶9). This pleading is deficient on its face since it provides the Court with no plausible grounds on which to reasonably infer Defendants are liable for IIED. *See* Iqbal, 556 U.S. at 678. This conclusory allegation is nothing more than a recital of the IIED elements with no specific factual allegations.

Even if the facts had been alleged with more specificity, as a matter of law these facts do not indicate Defendants are liable. To prevail on an IIED claim Plaintiff must allege, and ultimately provide evidence for, conduct that was: "(1) intentional or reckless; (2) extreme or outrageous; and (3) the cause of severe emotional distress." Wilcher v. Confederate Packaging, Inc., 287 Ga. App. 451, 453, 651 S.E.2d 790 (2007). "The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim "Outrageous!" United Parcel Serv. v. Moore, 238 Ga. App. 376, 377, 519 S.E.2d 15 (1999). The

6

conduct must be deemed extreme by a reasonable person, and whether it would be is a question of law for the court. Id. "Sharp or sloppy business practices, even if in breach of contract," are generally not extreme or outrageous. Id.

No reasonable person would believe Defendants' actions were extreme or outrageous. Even if Defendants breached the terms of the note, they did nothing that would be considered "utterly intolerable in a civilized community." Id.

## C.    Breach of Contract Claim

The motion to dismiss the breach of contract claim is, however, denied. Defendants are seeking to impose a pleading standard on Plaintiff that is not required by law. To adequately plead a breach of contract claim, Plaintiff must first allege the existence of a contract between the parties, requiring subject matter, consideration, and mutual assent. See Lamb v. Decatur Federal Sav. & Loan Ass'n, 201 Ga. App. 583, 585, 411 S.E.2d 527 (1991). He must then allege his own performance under the contract or a valid reason for excusing his performance, Defendants' breach of the contract, and his damages from that breach. See Jones v. Central Builders Supply Co., 217 Ga. App. 190, 195-96, 121 S.E.2d 633 (1961). The rules of civil procedure demand a complaint contain "only enough facts to state a claim to relief that is plausible on its face." Twombley, 550 U.S. at 570. The Court need only determine whether the allegations "give the defendant fair notice of what … the claim is and the grounds

7

upon which it rests." Id. at 556 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The complaint certainly meets this standard. Plaintiff alleges he contracted for a mortgage loan with Aegis with the note and deed subsequently being acquired by Defendants. He made regular payments to Aegis and sought to continue making payments to Defendants, although they refused to accept any payment that was less than the amount they demanded. He alleges this demand for increased monthly payments violated the terms of the note and is the basis for Nationstar's claim that he is delinquent in his payments.

None of Defendants' criticisms of the breach of contract claim constitute valid grounds for dismissing it. Defendants argue Plaintiff should have made a number of very specific factual allegations concerning his performance under the contract, but they have not cited any legal authority supporting this argument, and the Court is not aware of any. Furthermore, any contention that Defendants were allowed to increase the monthly mortgage payments to pay an escrow fund is something that should be pursued in discovery and then raised in a motion for summary judgment, not brought in a motion to dismiss the complaint. *See* Meyer v. Snyders Lance, Inc., Civ. No. 4:12-cv-215, 2012 WL 6913724, at *1 (M.D.Ga. Dec. 12, 2012). The complaint is sufficient to put Defendants on notice of what

claim Plaintiff is pursuing and to allow this Court to make the reasonable inference Defendants are liable for breach of contract.

### D.    Claim for Attorney Fees

Since Plaintiff's claim for breach of contract survives, he may also move forward with his claim for attorney fees based on Defendants' alleged bad faith and stubbornly litigious behavior. *See* <u>Bayliner Marine Corp. v. Prance</u>, 159 Ga. App. 456, 461, 283 S.E.2d 676 (1981). The motion to dismiss this claim is denied.

## IV.    Conclusion

For the reasons set forth above, Defendants' motion to dismiss (Doc. 8) is granted in part and denied in part. Plaintiff's claims for wrongful foreclosure and intentional infliction of emotional distress are dismissed, but he may move forward with the claims for breach of contract and attorney fees.


**SO ORDERED**, this the 28th day of April, 2014.


                                   *s/ Hugh Lawson*_____
                                   **HUGH LAWSON, SENIOR JUDGE**


scr